# JUDGE KOELTL

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/08

MARSH USA INC. and MARSH &
MCLENNAN COMPANIES, INC.

      Plaintiffs,

      v.

CHAD W. KARASAKI

      Defendant.

Case No.

**'08 CIV 4195**

**ORDER TO SHOW CAUSE
FOR A PRELIMINARY INJUNCTION
AND EXPEDITED DISCOVERY**

Upon the Summons and Complaint, dated May 2, 2008, the supporting Declaration of Kenneth Gavsie, Esq. (which annexes the Declarations of Gregg Carpenter, Mason Williams, Michael Kelly, Gregory Wolter, Andrew L. Pepper, Cynthia Ramirez Roland and Erika L. Lewis, and the exhibits attached thereto); the supporting Declarations of Ronald K. Beers, Kathy Dang, Deborah L. Park, Christopher Davis, Lea S. Uehara, Rocco Sansone, Stephanie Tsumoto, Evelyn Shannon, Janet Mei Chi Ng and Marissa Mandado, and the exhibits attached thereto; the Declaration of Gary D. Friedman, Esq.; and Plaintiffs' Memorandum of Law in Support of Motion for a Preliminary Injunction, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, it is hereby:

      **ORDERED** that Defendant Chad W. Karasaki ("Defendant") show cause before this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County, and State of New York, on the ___ day of _____, 2008, at _____ o'clock in the ___.m., or as soon thereafter as counsel may be heard, why an order should not be issued, pursuant to Rule 65 of the Federal Rules of Civil Procedure, granting Plaintiff's motion for a preliminary injunction that:

(i)    enjoins Karasaki and any person or entity acting in concert with him or under his supervision (including, but not limited to, any Aon employees over whom Karasaki has supervisory or managerial authority), for a period of not less than one (1) year from entry of the Court's order, from soliciting or accepting business from, or from performing or supervising the performance of any insurance brokerage services for, any current, former or prospective clients of Marsh with whom Karasaki had contact, or about which he obtained confidential information or trade secrets, during the last two years of his employment at Marsh;

(ii)    enjoins Karasaki and any person or entity acting in concert with him (including, but not limited to, his current employer, Aon, and any of its officers, employees or agents) from disclosing or misappropriating for his, her or Aon's own use or benefit, any of Marsh's trade secrets or other confidential or proprietary information in violation of Karasaki's various contractual commitments and restrictions toward Plaintiff Marsh;

(iii)    requires Karasaki to return to Marsh, within 24 hours, all property, documents, files, reports, and/or other materials that Karasaki has in his possession, custody, or control that were obtained from Marsh;

(iv)    prohibits Karasaki from destroying or spoliating any documents of any kind, whether in written or electronic form, concerning Marsh and Aon's employment of Karasaki and/or the transfer or solicitation of Marsh's clients or employees from Marsh to Aon;

(v)    enjoins Karasaki and any person or entity acting on behalf of or in concert with him (including but not limited to Aon and any of its officers, employees or

agents), from soliciting, encouraging, or attempting to solicit or induce employees of Marsh to terminate their employment with Marsh and go to work for any other entity, including Aon; and

(vi)    enjoins Karasaki and any person or entity acting on behalf of or in concert with him (including but not limited to Aon and any of its officers, employees or agents), from all actions in violation of Karasaki's various contractual commitments and restrictions in favor of Plaintiff Marsh;

(vii)    enjoins Karasaki in all such other and further ways necessary to bring Karasaki into full and complete compliance and conformance with his contractual agreements with Marsh and to ensure no further violations of Haw. Rev. Stat. Chapter 482B;

(viii)    enjoins Karasaki pursuant to Haw. Rev. Stat. § 480-13 from further acts of unfair methods of competition, and for an award of reasonable attorneys' fees and costs related to obtaining such injunctive relief; and it is further

ORDERED that the parties shall be permitted to conduct discovery on an expedited basis, commencing May _____ and ending _____ _____, the parameters of which the parties will attempt to promptly agree upon; and it is further

ORDERED that a copy of this Order to Show Cause, together with a copy of all supporting papers, shall be served by hand or e-mail upon Defendant, on or before May _____, 2008 at 5:00 p.m.; and it is further

ORDERED that Defendant shall serve by hand or e-mail any affidavits and memoranda of law or other papers in opposition to Plaintiffs' Motion upon Plaintiffs' attorneys of record in this action on or before the _____ day of _____, 2008 at 5:00

3

p.m.; and it is further

       **ORDERED** that Plaintiff shall serve by hand or e-mail any reply papers upon Defendant on or before the _____ day of _____, 2008 at 5:00 p.m.

Dated:    New York, New York
          May \_\_\_\_\_, 2008

       **ORDERED**          _____
                                 U.S.D.J.

*The Order to Show Cause is disposed of as indicated on the record on May 8, 2008.*

*So ordered.*

*5/8/08*

*U.S.D.J.*

4