UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH USA INC. and MARSH & MCLENNAN COMPANIES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CHAD W. KARASAKI<br><br>Defendant. | Case No. _08 Civ. 4195 (JGK)_<br><br>**DECLARATION OF GARY D. FRIEDMAN, ESQ. IN SUPPORT OF PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY** |

GARY D. FRIEDMAN pursuant to 28 U.S.C. § 1746, affirms the following:

1.      I am a member of the Bar of the State of New York and of this Court. I am a member of the law firm of Weil, Gotshal & Manges LLP, attorneys for plaintiffs Marsh USA, Inc. and Marsh & McLennan Companies, Inc. (collectively, "Marsh") in this action.

2.      I submit this Affirmation in support of Marsh's application for a preliminary injunction to enjoin defendant Chad W. Karasaki from engaging in the actions set forth in detail in plaintiffs' prayer for relief in the accompanying Complaint. The relevant facts as to the merits of the application are set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Order to Show Cause for a Preliminary Injunction, the supporting Declaration of Kenneth Gavsie, Esq. (which annexes the Declarations of Gregg Carpenter, Mason Williams, Michael Kelly, Gregory Wolter, Andrew L. Pepper, Esq., Cynthia Ramirez Roland and Erika L. Lewis, and the exhibits attached thereto); the supporting Declarations of Ronald K. Beers, Kathy Dang, Deborah L. Park, Christopher Davis, Lea S. Uehara, Rocco Sansone, Stephanie Tsumoto, Evelyn Shannon, Janet Mei Chi Ng and Marissa Mandado, and the exhibits attached thereto.

3.      Marsh is moving by an Order to Show Cause and not by a Notice of Motion because Defendant's breaches of his contractual promises to Marsh have

continued unabated. Marsh has suffered, and continues to suffer, extensive, irreparable injury, loss of goodwill, harm to its business, and other damages.

4.    For the same reasons set forth in Paragraph 3 above, Marsh requests expedited discovery so that the parties can quickly serve and respond to written discovery, exchange documents and conduct depositions in advance of the Preliminary Injunction hearing.

5.    Pursuant to Defendant's contractual agreements with Marsh, Defendant has acknowledged, consented to and agreed that in the event of a breach, or threatened breach of the contractual agreements at issue in this action, Marsh is entitled to temporary and permanent injunctive relief – without the necessity of having to post a bond – to restrain the violation or threatened violations of those agreements by Defendant and persons acting for or in connection with Defendant.

6.    Prior application for relief by Plaintiffs was made on March 31, 2008, at which time Marsh filed a Complaint for Injunctive Relief and Damages in the United States District Court for the District of Hawaii against Defendant, civil action No. 08-00149 SOM KSC (the "Hawaii Action"). On April 14, 2008, Marsh made an emergency application for relief in the Hawaii Action seeking to, among other things, enjoin Defendant from further breaching his contractual agreements with Marsh. On April 15, 2008, Defendant moved to dismiss the Hawaii Action solely on the grounds of improper venue or, alternatively, to transfer venue to New York. Defendant's motion did not address the merits of the Hawaii Action. On April 22, 2008, without addressing the merits of Marsh's application for relief, the District of Hawaii granted Karasaki's motion to dismiss on improper venue grounds. Specifically, the Court expressly upheld the forum selection clause contained in the Restrictive Covenants Agreement between Karasaki and Marsh, dated June 27, 2007, which requires that disputes with respect to that agreement be brought exclusively in either this Court or the Supreme Court of the State of New York. On that ground alone, the Court dismissed the Hawaii Action

2

without prejudice, specifically stating that it dismissed the action, rather than transfer it, because of its desire to "leave it to [the parties] to select the precise court in New York in which to revive this dispute." *See Marsh USA, Inc. v. Karasaki*, Civ. No. 08-00149 SOM/KSC, 2008 WL 1805662, at *9 (D. Hawaii Apr. 22, 2008).

      7.    I notified Jeffrey S. Portnoy, counsel of record for Defendant Karasaki in the Hawaii Action, by telephone on May 1, 2008 at approximately 12:30 p.m. HST, of Marsh's intent to seek a preliminary injunction and expedited discovery by Order to Show Cause on the morning of May 2, 2008 in this Court. Mr. Portnoy thanked me for the advance notice, and explained that counsel for Defendant would most likely be arranged out of Chicago, Illinois (which is where the corporate headquarters of Aon Corporation, the parent company of Aon Risk Services of Hawaii, Inc., the entity that currently employs Defendant, is located.). Mr. Portnoy did not request a copy of the papers or make any requests of me during our brief telephone call. I volunteered that I would promptly serve him with a copy of the papers once we had obtained an order from this Court.

      I state under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      May 2, 2008

_____
      Gary D. Friedman, Esq.