USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────── x
                                     :
MARSH USA INC. and MARSH & McLENNAN  :   Civil Action No.: 08 Civ. 4195 (JGK)
COMPANIES INC.,                      :
                                     :
                        Plaintiffs,  :       STIPULATION
                                     :           AND
        - against -                  :   PROTECTIVE ORDER
                                     :
CHAD W. KARASAKI,                    :
                                     :
                        Defendant.   :
                                     :
─────────────────────────────────── x

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs

Marsh USA Inc. and Marsh & McLennan Companies, Inc. (collectively "Marsh") and Defendant

Chad W. Karasaki ("Karasaki") that the terms of this Protective Order ("Order") shall govern

and apply to all documents, information contained in documents, and all other information or

things produced or disclosed in connection with this action, whether produced by a party or a non-

party, and whether produced in a document, a discovery response, deposition or other testimony,

or otherwise.

      A.     **Confidential Information & Highly Confidential Information.**

      1.     Subject to any party's right to challenge such a designation in

accordance with paragraph B.6 below, any party or non-party that produces or otherwise supplies

or furnishes any document, thing, testimony or other material in this litigation (each a

"Supplying Party") shall, through its counsel and subject to the provisions of paragraphs A.2 and

A.3 below, have the right to designate such documents, things, testimony or other materials

(collectively referred to hereinafter as "Information") as "Confidential Information" or "Highly

Confidential Information."

2.     Each Supplying Party shall designate as "Confidential Information" only that Information which the Supplying Party reasonably and in good faith believes constitutes or contains non-public information that is confidential, proprietary and commercially and/or competitively sensitive in nature. Information designated as "Confidential Information" shall be used and disclosed only as provided in paragraph B.2 below.

3.     Each Supplying Party shall designate as "Highly Confidential" only those narrow and discrete categories of Confidential Information which, if used or disclosed even in the restricted manner set forth in paragraph B.2 below, would, in the Supplying Party's reasonable and good faith belief, compromise and/or jeopardize the Supplying Party's business interests and therefore require even greater limitations on their use and/or disclosure. Information designated as "Highly Confidential Information" shall be used and disclosed only as provided in paragraph B.3 below.

4.     "Confidential Information" and "Highly Confidential Information" shall be designated as such as follows:

a.     Documents (or copies thereof) constituting or containing Confidential Information or Highly Confidential Information shall be designated as such by marking or stamping each page thereof containing or constituting Confidential Information or Highly Confidential Information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Documents produced in electronic form made be designated as Confidential Information of Highly Confidential Information by marking the data storage medium with the appropriate legend set forth in this subparagraph. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If any receiving party prints

2

out electronic data that has been designated as Confidential Information of Highly Confidential Information but that does not contain the appropriate legend on the print-out, the receiving party shall affix the appropriate legend to each page of such print-out.

        b.      Testimony that constitutes or references Confidential Information (including, without limitation, testimony given at any deposition taken in connection with this action) shall be designated as such by:

        i.      orally indicating, on the record at the time the testimony is given, that such testimony constitutes Confidential Information or Highly Confidential Information, whereupon the stenographer shall mark each page of the transcript containing such testimony with the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," as appropriate; or

        ii.      notifying all other parties, in writing and within ten (10) business days after receipt of the signed transcript (and errata sheet, if any), of the specific pages and lines of the transcript that constitute Confidential Information and/or Highly Confidential Information, as appropriate, whereupon each party shall affix a copy of such written notification to the face of each copy of the transcript in its possession, custody or control. Prior to expiration of the ten-day period referenced in the foregoing sentence, the entire transcript shall be treated as Confidential Information.

        For the avoidance of any doubt, *any* party or non-party may designate testimony as Confidential Information or Highly Confidential Information, as appropriate, regardless of whether the testimony sought to be so designated is or was given by the party or non-party itself (or any of its present or former officers, directors, employees, agents or representatives), *provided that* the testimony sought to be so designated constitutes or

3

references Information belonging to, and produced, furnished or otherwise supplied by, the party seeking to designate the testimony and would otherwise appropriately be designated. Furthermore, where any document, transcript or interrogatory response (or any portion thereof) that has been designated Confidential Information or Highly Confidential Information is introduced as an exhibit in connection with any deposition or other testimony, all portions of such testimony (and any transcript reflecting the same) that reveal the contents of any such exhibit shall be considered Confidential Information or Highly Confidential Information, as appropriate, regardless of whether such testimony has been designated in the manner set forth in paragraph A.4.b.i or A.4.b.ii above.

          c.      Interrogatory answers or other written discovery responses constituting or containing Confidential Information or Highly Confidential Information shall be designated as such by marking or stamping the beginning of each such answer or response with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Where a single document contains answers or responses to multiple interrogatories or discovery requests, each individual answer or response to be designated shall be separately so marked or stamped. Schedules, appendices, and attachments to, or documents otherwise provided with, interrogatory answers or other discovery responses shall be designated, if at all, in accordance with the procedures applicable to the designation of documents, as specified in paragraph A.4.a above.

          5.      Where a non-party produces or otherwise furnishes Information in connection with this action that it originally received from one of the parties to this action (the parties to this action hereinafter referred to in this context as an "Original Supplying Party"), and where such Information would, if produced or furnished by the Original Supplying Party, be entitled to designation and treatment as Confidential Information or Highly Confidential

Information pursuant to the provisions of this Order, the Original Supplying Party may, upon written notice to all other parties within eleven (11) business days of the disclosure of such Information by the non-party, designate such Information as Confidential Information or Highly Confidential Information, as appropriate, in accordance with the procedures set forth in paragraph A.4 above and without regard to whether the non-party that produced or furnished that same Information has or has not designated the same Confidential Information or Highly Confidential Information. Upon such designation, the Original Supplying Party shall thereafter be treated as the Supplying Party of the Information so designated.

6.     If any party to this litigation objects, at any stage of the proceedings in this action, to the designation of any Information as "Confidential Information" or "Highly Confidential Information," the objecting party and the designating party (or non-party) shall first try to dispose of such dispute in good faith through a "meet and confer" process (either in person or by telephone). If the dispute cannot be resolved through that process, the objecting party may provide written notice of the objection to the designating party (or non-party) specifying, with reasonable particularity, the designated Information as to which an objection exists (an "Objection Notice"). Within ten (10) days of the provision of any Objection Notice, the designating party (or non-party) may, on notice to all other parties, apply to the Court for appropriate relief and, if timely application to the Court is made, the designated Information identified in the Objection Notice shall, until order of the Court to the contrary, continue to be treated as Confidential Information or Highly Confidential Information, however so designated by the designating party (or non-party). If, however, an application to the Court is not timely made within ten (10) days of the provision of any Objection Notice, the designated Information specified in the Objection Notice shall no longer be deemed or treated as Confidential

5

Information or Highly Confidential Information.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and the failure to do so shall not preclude a subsequent challenge to such designation.  Moreover, in the event of any application to the Court following provision of an Objection Notice, the designating party (or non-party) shall have the burden of establishing that the designated Information identified in the Objection Notice is entitled to confidential treatment pursuant to the terms of this Order and applicable law.

> **B.**     **Treatment Of Confidential Information & Highly Confidential Information.**

> > 1.     Information designated as Confidential Information or Highly Confidential Information in accordance with this Order shall be used solely for purposes of evaluating, prosecuting and/or defending this litigation (and any appeals therefrom) and shall not be used by the parties, their counsel of record, or any other person to whom such Information is disclosed, for any other purpose (including, without limitation, in connection with any other action or proceeding).

> > 2.     Information designated as "Confidential Information" in accordance with this Order shall not be disclosed or shown to anyone other than:

> > > a.     the parties, including those officers and employees of Marsh to whom it is necessary to disclose such Information in connection with, but solely for the purposes of, evaluating, prosecuting or defending, or assisting in the evaluation, prosecution or defense of this litigation (or any appeals therefrom);

> > > b.     Those officers and employees of The Aon Corporation and Aon Risk Services, Inc. ("Aon") to whom it is necessary to disclose such Information in connection with, but solely for the purposes of, evaluating, prosecuting or defending, or assisting in the evaluation, prosecution or defense of this litigation (or any appeals therefrom)

c.      Outside counsel for the parties and all attorneys, paralegals, support staff, and clerical employees in their respective law firms to whom it is necessary to disclose such Information in connection with, and solely for the purposes of, evaluating, prosecuting and/or defending this litigation (and any appeals therefrom);

d.      Persons, including but not limited to experts, consultants and vendors, employed or retained by any party or its attorneys in order to assist with, and solely for the purpose of, evaluating, prosecuting and/or defending this litigation (or any appeals therefrom);

e.      The Court, persons employed by the Court, and stenographers or court reporters recording or transcribing testimony relating to this litigation; provided, however, that disclosures to the Court shall be subject to paragraph B.4 of this Order;

f.      Any person not identified above from whom testimony as a witness will be offered in this litigation, provided that such persons may be shown such Information only during his or testimony and, to the limited extent necessary, in preparation therefor;

g.      Persons who, in addition to those identified above, are permitted access to such Information by order of the Court or upon stipulation of the Supplying Party after written notice (defined herein to include notice by regular mail, facsimile, and/or e-mail) to all parties; and

h.      Auditors, regulators, insurers, reinsurers and actuaries for the parties, but only as and to the extent necessary and required by the same.

3.      Information designated as "Highly Confidential Information" in accordance with this Order shall not be disclosed or shown to anyone other than:

7

       a.      Those persons enumerated under paragraphs B.2.c, B.2.d, B.2.e and B.2.g above;

       b.      Officers or employees of Marsh and Aon who will appear, or whom counsel for the parties reasonably contemplate will appear, as witnesses in this litigation, but only to the extent that counsel believes in good faith that such persons have a reasonable need to review or otherwise be shown such Information, whether in connection with or in preparation for their testimony, or for the purposes of, evaluating, prosecuting or defending, or assisting in the evaluation, prosecution or defense of this litigation (or any appeals therefrom); and

       c.      Inside counsel of Marsh and Aon.

       4.      If counsel for any party wishes to file with or submit to the Court any Information, or papers containing or referencing any Information, that has been designated as "Confidential Information" or "Highly Confidential Information" by another Supplying Party, such party shall, no less than three (3) business days prior to the proposed filing or submission, notify counsel for the Supplying Party of its intent to file or submit such Confidential Information or Highly Confidential Information to the Court. The Supplying Party may require the submitting and/or filing party to submit and/or file such Confidential Information or Highly Confidential Information "under seal" pursuant to Rule 26 of the Federal Rules of Civil Procedure.

       5.      Notwithstanding any other provision of this Order, and regardless of whether such Information has been designated as Confidential Information or Highly Confidential Information in accordance with this Order:

a. any Supplying Party may use and disclose its own Information without restriction;

b. any party may use and disclose, without restriction, Information obtained through other independent sources outside the scope of discovery in this proceeding;

c. counsel for the parties shall be permitted to rely on any Information in the course of rendering advice to their clients, *provided that,* in rendering such advice, counsel shall not be permitted to disclose any other party's Confidential Information or Highly Confidential Information other than as provided in this Order; and

d. any party or non-party, and their respective counsel, may disclose another party's Confidential Information or Highly Confidential Information as required by law or applicable professional standards.

For purposes of subsection a. of this paragraph B.5, however, Information that is designated as Confidential Information or Highly Confidential Information by an Original Supplying Party pursuant to paragraph A.5 above shall be considered the Information of the Original Supplying Party only, and not Information of any the non-party or non-parties that may also have been a Supplying Party with respect to such Information. Furthermore, for purposes of subsection d. of this paragraph B.5, if any party concludes that disclosure of Confidential Information or Highly Confidential Information is required by law or any applicable professional standards, such party shall inform the Supplying Party of its conclusions and the bases for those conclusions as soon as possible, but in no event less than five (5) business days before such disclosure is made, to provide the Supplying Party the opportunity to seek appropriate relief from the Court to prevent such disclosure.

6.    Each person given access to Information designated as
Confidential Information or Highly Confidential Information shall be advised that such
Information is being disclosed pursuant and subject to, and may not be further disclosed other
than as authorized by, the terms of this Order. Prior to the disclosure of any Highly Confidential
Information to the persons identified in paragraph B.3.b, counsel will take it upon themselves to
explain to each such person the sensitive nature of the Information disclosed and each such
person will be required to provide counsel with a verbal assurance that he or she understands his
or her obligations with respect to such Highly Confidential Information. Moreover, prior to
disclosure of any Confidential Information or Highly Confidential Information to the persons
identified in paragraphs B.2.d, B.2.f, B.2.g, and B.2.h hereof, each such person shall first be
required to (a) read this Order; (b) sign a copy of the Confidentiality Agreement annexed hereto
as Exhibit A; and (c) receive a copy of this Order. The executed Confidentiality Agreements
shall be filed with and retained by the attorneys of record for each party employing them until
further order of the Court or stipulation by the parties.

7.    The inadvertent production or disclosure during discovery of
Information protected from disclosure by the attorney-client privilege, work product doctrine, or
any other protection from disclosure ("Protected Material") shall not be deemed a waiver by the
Supplying Party by virtue of the inadvertent production itself. If Protected Material is
inadvertently produced or disclosed, promptly upon discovering such inadvertent production or
disclosure, the Supplying Party must provide written notice to all parties of the inadvertent
disclosure, and may move the Court for a protective order with respect thereto. If the Court finds
that the Protected Material is privileged or otherwise protected, that its production or disclosure
was inadvertent and that Supplying Party exercised reasonable diligence in discovering the

10

inadvertent production and requested the return of the inadvertently produced or disclosed Information, the Court may direct the return of the Protected Material and all copies thereof to the Supplying Party, preclude the use of the Protected Material and any Information contained therein for any purpose in this or any related litigation, and order such other relief as the Court deems necessary and appropriate. Before applying to the Court for such relief, the Supplying Party shall confer with the receiving party in an attempt to resolve any dispute regarding the inadvertent production or disclosure without the intervention of the Court. Upon written notice by the Supplying Party that Protected Material was inadvertently produced or disclosed, all recipients of the Protected Material shall not use it (or information in it) in any litigation, nor permit it to be copied, distributed or otherwise disclosed to any other person, except the Court, until the matter of its inadvertent production or disclosure is resolved either amicably by the parties, or by Order of the Court.

        8.    Within thirty (30) days after the settlement or final adjudication, including appeals, of this action, all Confidential Information and Highly Confidential Information supplied by any Supplying Party, and all copies thereof, shall be returned to the Supplying Party (if the Supplying Party so requests within fifteen (15) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed by each party receiving such Confidential Information or Highly Confidential Information; provided, however, that:

        a.    each party may retain a complete file of all court papers served or filed with the Court in this action;

b.      the attorneys for any party receiving Confidential Information or Highly Confidential Information may retain Information which, in their judgment, constitutes or is part of their work product; and

c.      all Confidential Information and Highly Confidential Information not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Order.

9.      This Order shall not be construed as a waiver by any party of: (a) any objection to discovery on grounds other than the confidentiality of discovery sought; or (b) any privilege recognized by law. This Order also shall not be construed to require the deposition of any non-testifying expert or consultant or require any such person to be the subject of discovery other than as provided for under the Federal Rules of Civil Procedure.

10.     The termination of this action shall not relieve the parties from complying with the use and disclosure limitations imposed by this Order and the Court shall retain jurisdiction to enforce this Order.

11.     This Order shall be binding upon all current and future parties in this action.

12.     This Order may be executed in counterparts, each of which shall be treated as an original, but all of which, taken together, constitute one and the same document.

13.     This Order shall not apply to the submission or filing of Confidential Information or Highly Confidential Information at trial. The parties agree that they will, in advance of the Preliminary Injunction Hearing, any evidentiary hearing, or the trial in this matter, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information or Highly Confidential Information at such hearing

or trial. In the event the parties cannot agree to such a procedure to propose to the Court, each

party shall be free to apply to the Court for the entry of an order concerning the treatment of its

Confidential Information or Highly Confidential Information at trial.

Dated: New York, New York
       June ___, 2008

The following parties stipulate to entry of this Order:

**For Defendant Chad W. Karasaki**

By: _____          Date: __6/5/08__
    Robin C. Tarr, Esq. (RT 8166)
    Rachel V. Stevens, Esq. (RS 0350)
    DLA Piper US LLP
    1251 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 335-4500


By: _____          Date: __6·4·08__
    Jeffrey S. Portnoy, Esq. (pro hac vice)
    Cades Schutte
    1000 Bishop Street, Suite 1200
    Honolulu, Hawaii 96813
    Telephone: (808) 521-9221


       and

**For Plaintiffs Marsh USA Inc. and Marsh & McLennan Companies, Inc.**


By: _____          Date: _____
    Gary D. Friedman, Esq.
    David R. Fertig, Esq.
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone:    (212) 310-8000

13

or trial.  In the event the parties cannot agree to such a procedure to propose to the Court, each

party shall be free to apply to the Court for the entry of an order concerning the treatment of its

Confidential Information or Highly Confidential Information at trial.

Dated: New York, New York
       June ___, 2008

The following parties stipulate to entry of this Order:

**For Defendant Chad W. Karasaki**


By:_____     Date: _____
        Robin C. Tarr, Esq. (RT 8166)
        Rachel V. Stevens, Esq. (RS 0350)
        DLA Piper US LLP
        1251 Avenue of the Americas
        New York, New York 10020
        Telephone:  (212) 335-4500


By:_____     Date: _____
        Jeffrey S. Portnoy, Esq. (*pro hac vice*)
        Cades Schutte
        1000 Bishop Street, Suit 1200
        Honolulu, Hawaii  96813
        Telephone: (808) 521-9221

        and

**For Plaintiffs Marsh USA Inc. and Marsh & McLennan Companies, Inc.**

By:_____     Date:  6/4/08
        Gary D. Friedman, Esq.
        David R. Fertig, Esq.
        Weil, Gotshal & Manges LLP
        767 Fifth Avenue
        New York, NY 10153
        Telephone:    (212) 310-8000


13

By: _____    Date: 6-4-08

Nenad Krek, Esq.
Carlsmith Ball LLP
American Savings Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813

SO ORDERED:

Dated: _____    _____
                          Hon. John G. Koeltl.
                          United States District Judge

This Order is not binding on
the Court or Court renew of
the Court reserves the right
to amend it at any time
So ordered

6/9/08    U.S.D.J.

14