## WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE • NEW YORK, NY 10153-0119
(212) 310-8000
FAX: (212) 310-8007

**MEMO ENDORSED**

AUSTIN
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

Gary D. Friedman
Direct Line: 212-310-8963
gary.friedman@weil.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/08

June 10, 2008

**VIA FACSIMILE ((212) 805-6724)**

Honorable Judge Frank Maas
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **Marsh USA, Inc., et. al. v. Chad W. Karasaki**
**S.D.N.Y. 08 Civ 4195 (JGK)**

Dear Judge Maas:

We are counsel for plaintiffs Marsh USA Inc. and Marsh & McLennan Companies, Inc. ("Marsh") in the above-referenced action and write jointly on behalf of plaintiffs and defendant Chad Karasaki to request an adjournment of the settlement conference currently scheduled before Your Honor on June 19, 2008 at 10:00 a.m.

By way of brief background, Marsh initiated this action on May 2, 2008 through the filing of a Motion for Preliminary Injunction against Mr. Karasaki by way of an Order to Show Cause, seeking to enjoin Mr. Karasaki and any person or entity acting in concert with him from, inter alia, violating the terms of the post-termination restrictive covenant provisions in various agreements he signed during his employment with Marsh, particularly those relating to non-solicitation of Marsh clients and Marsh employees. Contemporaneously with the filing of the Preliminary Injunction Motion, Marsh also filed a Motion for Expedited Discovery, asking that discovery be allowed to commence immediately. On May 8, 2008, Judge Koeltl granted Marsh's request for expedited discovery, giving the parties until August 1, 2008 to complete discovery, and setting down September 24, 2008 as the date for the Preliminary Injunction Hearing.

*Handwritten endorsement:* I assume that Judge Koeltl referred this case to me for settlement discussions precisely because he wished to avoid a preliminary injunction hearing if the case could be settled. Accordingly, I am willing to adjourn the 6/19 conference, but not without date and not, potentially, to a date after the hearing. Counsel should confer and place a conference call to my Chambers to arrange a date before the hearing for the conference. (Early August or early September would work best for me.) /s/ Maas, USMJ, 6/11/08

NY1:\1560879\03\XGDR03!.DOC\61809.0004

WEIL, GOTSHAL & MANGES LLP

Honorable Judge Frank Maas
June 10, 2008
Page 2

    The parties request an adjournment of the settlement conference for several reasons. First, the parties are currently engaged in very active expedited discovery, including multiple depositions of party and non-party witnesses that will begin early this month. In particular, lead and local counsel for the parties will be in Hawaii for several weeks during the second half of June and into early July to take and defend numerous depositions involving former Marsh employees who went to work for Aon Corporation ("Aon") shortly after Mr. Karasaki left Marsh to work for Aon, as well as various other employees of Aon. The parties anticipate that further significant discovery will occur throughout July.

    Second, at the present time, the parties do not believe that a settlement conference will be productive. In particular, the parties have not yet had a meaningful opportunity to conduct discovery, and thus have not sufficiently evaluated the strengths of their claims and defenses. Absent such an opportunity, the parties jointly agree that a settlement conference is premature at this time.

    Thus, the parties respectfully request that the settlement conference scheduled for June 19, 2008 at 10:00 a.m. be adjourned without date, and that the parties revert to Your Honor in the event that, prior to the September 24, 2008 Preliminary Injunction Hearing, they believe that such a settlement conference would facilitate resolution of this matter.

    We thank the Court for its consideration of the parties' joint request.

Respectfully,

Gary D. Friedman

cc Robin C. Tarr, Esq.
  Rachel V. Stevens, Esq.
  Jeffrey S. Portnoy, Esq.
  Nenad Krek, Esq.

NY1:\1560879\03\XGDR03!.DOC\61809.0004