DLA PIPER US LLP
Robin C. Tarr (RT 8166)
Rachel V. Stevens (RS 0350)
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

Attorneys for Defendant CHAD W. KARASAKI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

MARSH USA INC. and MARSH & MCLENNAN
COMPANIES INC.,

                                         Plaintiffs,

- against -

CHAD W. KARASAKI,

                                  Defendant.

------------------------------------------------------------------- x

Civil Action No.: 08 Civ. 4195 (JGK)

**ANSWER AND**
**COUNTERCLAIMS**

      Defendant Chad W. Karasaki ("Mr. Karasaki"), by and through his undersigned

attorneys, DLA Piper US LLP, hereby responds to the Complaint of Plaintiffs Marsh USA Inc.

and Marsh & McLennan Companies (the "Complaint") as follows:

NATURE OF ACTION

    1.     Mr. Karasaki denies the allegations contained in paragraph 1 of the Complaint.

    2.     Mr. Karasaki denies the allegations contained in paragraph 2 of the Complaint.

3.    Mr. Karasaki denies the allegations contained in paragraph 3 of the Complaint.

4.    Mr. Karasaki denies the allegations contained in paragraph 4 of the Complaint, except admits that he performs and supervises the performance of services for Aon clients.

## JURISDICTION AND VENUE

5.    Mr. Karasaki denies the allegations contained in paragraph 5 of the Complaint but does not contest this Court's jurisdiction.

6.    Mr. Karasaki does not contest this Court's venue.

## PROCEDURAL HISTORY

7.    Mr. Karasaki admits the allegations contained in paragraph 7 of the Complaint.

8.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.    Mr. Karasaki admits the allegations contained in paragraph 9 of the Complaint.

10.    In response to the allegations contained in paragraph 10 of the Complaint, Mr. Karasaki states that court's decision referenced therein speaks for itself.

## PARTIES

11.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Mr. Karasaki admits the allegations contained in paragraph 14 of the Complaint.

FACTUAL ALLEGATIONS

15.     Mr. Karasaki denies the allegations contained in paragraph 15 of the Complaint, except admits that he commenced work with Marsh in 1986 in Marsh's Portland, Oregon office, worked as a Client Executive from 1990 to 2003, was promoted to the corporate title of Managing Director in 2003, and was promoted to the Head of Marsh's Hawaii Office in April 2005.

16.     Mr. Karasaki admits the allegations contained in paragraph 16 of the Complaint.

17.     Mr. Karasaki denies the allegations contained in paragraph 17 of the Complaint.

18.     Mr. Karasaki denies the allegations contained in paragraph 18 of the Complaint.

19.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Mr. Karasaki denies the allegations contained in paragraph 20 of the Complaint.

21.     Mr. Karasaki denies the allegations contained in paragraph 21 of the Complaint.

22.     Mr. Karasaki denies the allegations contained in paragraph 22 of the Complaint, except admits that he did receive monies pursuant to the Discretionary Bonus Plan and is unsure whether he received all deferred compensation due him under same.

23.     In response to the allegations contained in paragraph 23 of the Complaint, Mr. Karasaki states that the Non-Solicitation Agreement speaks for itself.

24.     In response to the allegations contained in paragraph 24 of the Complaint, Mr. Karasaki states that the Confidentiality and Ownership Rights Agreement speaks for itself.

25.     In response to the allegations contained in paragraph 25 of the Complaint, Mr. Karasaki states that the Restrictive Covenants Agreement speaks for itself.

26.     In response to the allegations contained in paragraph 26 of the Complaint, Mr. Karasaki states that the Non-Solicitation Agreement, the Confidentiality and Ownership Rights Agreement, and the Restrictive Covenants Agreement speak for themselves.

27.     Mr. Karasaki denies the allegations contained in paragraph 27 of the Complaint, except admits the allegations contained in the first sentence of paragraph 27 of the Complaint.

28.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admits that Aon Corporation is a worldwide insurance brokerage and is a competitior of Marsh, and that he serves as managing director of Aon's Construction Services Group.

29.     Mr. Karasaki denies the allegations contained in paragraph 29 of the Complaint.

30.     Mr. Karasaki admits the allegations contained in paragraph 30 of the Complaint and further states that Marsh forbade his return to its premises after March 10, 2008.

31.     Mr. Karasaki admits the allegations contained in paragraph 31 of the Complaint.

32.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 34 of the Complaint and denies the remaining allegations contained in paragraph 34 of the Complaint.

35.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 35, admits that Ng and Wirt performed services and provided support for Marsh's OCIP and construction

4

services practice, previously headed by Karasaki, and denies the remaining allegations contained in paragraph 35 of the Complaint.

36.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 36 of the Complaint and denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in all but the last sentence of paragraph 37 of the Complaint and denies the allegations contained in the last sentence of paragraph 37 of the Complaint.

38.     Mr. Karasaki denies the allegations contained in the first and last sentences of paragraph 38 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39.     Mr. Karasaki denies the allegations contained in the first and last sentences of paragraph 39 of the Complaint, admits the allegations contained in the second and third sentences of paragraph 39 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint.

40.     Mr. Karasaki admits the allegations contained in the second sentence of paragraph 40 of the Complaint and that MNS was a client of Marsh, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint, except denies the allegations contained in the last sentence of paragraph 40 of the Complaint.

41.    Mr. Karasaki denies the allegations contained in the first and last sentence of paragraph 41 of the Complaint and admits the remaining allegations contained in paragraph 41 of the Complaint.

42.    Mr. Karasaki denies the allegations contained in the last three sentences of paragraph 42 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint, and states that he did have a social interaction with Mr. Kim and Mr. Kahaulelio on April 29, 2008 and that he did order a bottle of wine during this social engagement.

43.    Mr. Karasaki denies the allegations contained in paragraph 43 of the Complaint.

44.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.    Mr. Karasaki denies the allegations contained in paragraph 45 of the Complaint.

46.    Mr. Karasaki denies the allegations contained in paragraph 46 of the Complaint.

47.    Mr. Karasaki denies the allegations contained in paragraph 47 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 47 of the Complaint.

48.    In response to the allegations contained in paragraph 48 of the Complaint, Mr. Karasaki states that the Non-Solicitation Agreement, the Restrictive Covenants Agreement and the Confidentiality and Ownership Rights Agreement speak for themselves.

49.    In response to the allegations contained in paragraph 49 of the Compliant, Mr. Karasaki states that the letter dated March 25, 2008 speaks for itself.

50.    Mr. Karasaki denies the allegations contained in paragraph 50 of the Complaint.

COUNT I

51.     Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-50 of the Complaint as if fully set forth herein.

52.     Mr. Karasaki denies the allegations contained in paragraph 52 of the Complaint and further states that the Non-Solicitation Agreement speaks for itself.

53.     Mr. Karasaki denies the allegations contained in paragraph 53 of the Complaint.

54.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Mr. Karasaki denies the allegations contained in paragraph 55 of the Complaint.

56.     Mr. Karasaki denies the allegations contained in paragraph 56 of the Complaint.

COUNT II

57.     Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-56 of the Complaint as if fully set forth herein.

58.     Mr. Karasaki denies the allegations contained in paragraph 58 of the Complaint and further states that the Restrictive Covenants Agreement speaks for itself.

59.     Mr. Karasaki denies the allegations contained in paragraph 59 of the Complaint.

60.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Mr. Karasaki denies the allegations contained in paragraph 61 of the Complaint.

62.     Mr. Karasaki denies the allegations contained in paragraph 62 of the Complaint.

COUNT III

63.     Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-62 of the Complaint as if fully set forth herein.

64.    Mr. Karasaki denies the allegations contained in paragraph 64 of the Complaint.

65.    Mr. Karasaki denies the allegations contained in paragraph 65 of the Complaint.

66.    Mr. Karasaki denies the allegations contained in paragraph 66 of the Complaint.

67.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.    Mr. Karasaki denies the allegations contained in paragraph 68 of the Complaint.

69.    Mr. Karasaki denies the allegations contained in paragraph 69 of the Complaint.

COUNT IV

70.    Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-69 of the Complaint as if fully set forth herein.

71.    Mr. Karasaki denies the allegations contained in the first sentence of paragraph 71 of the Complaint and admits the allegations contained in the second sentence of paragraph 71 of the Complaint.

72.    Mr. Karasaki denies the allegations contained in paragraph 72 of the Complaint.

73.    Mr. Karasaki denies the allegations contained in paragraph 73 of the Complaint.

74.    Mr. Karasaki denies the allegations contained in paragraph 74 of the Complaint.

75.    Mr. Karasaki denies the allegations contained in paragraph 75 of the Complaint.

COUNT V

76.    Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-75 of the Complaint as if fully set forth herein.

77.    Mr. Karasaki denies the allegations contained in paragraph 77 of the Complaint.

78.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79.    Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.    Mr. Karasaki denies the allegations contained in paragraph 80 of the Complaint.

81.    Mr. Karasaki denies the allegations contained in paragraph 81 of the Complaint.

82.    Mr. Karasaki denies the allegations contained in paragraph 82 of the Complaint.

## COUNT VI

83.    Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-82 of the Complaint as if fully set forth herein.

84.    Mr. Karasaki admits the allegations contained in paragraph 84 of the Complaint.

85.    Mr. Karasaki denies the allegations contained in paragraph 85 of the Complaint.

86.    Mr. Karasaki denies the allegations contained in paragraph 86 of the Complaint.

87.    Mr. Karasaki denies the allegations contained in paragraph 87 of the Complaint.

88.    Mr. Karasaki denies the allegations contained in paragraph 88 of the Complaint.

## COUNT VII

89.    Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-88 of the Complaint as if fully set forth herein.

90.    Mr. Karasaki denies the allegations contained in paragraph 90 of the Complaint.

91.    Mr. Karasaki denies the allegations contained in paragraph 91 of the Complaint.

92.    Mr. Karasaki denies the allegations contained in paragraph 92 of the Complaint.

93.    Mr. Karasaki denies the allegations contained in paragraph 93 of the Complaint.

## COUNT VIII

94.    Mr. Karasaki incorporates his responses to the allegations contained in paragraphs 1-93 of the Complaint as if fully set forth herein.

9

95.     Mr. Karasaki denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.     Mr. Karasaki denies the allegations contained in paragraph 96 of the Complaint.

97.     Mr. Karasaki denies knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Mr. Karasaki denies the allegations contained in paragraph 98 of the Complaint.

## RELIEF REQUESTED

Mr. Karasaki denies that Plaintiffs are entitled to any of the relief requested.

## FIRST DEFENSE

99.     Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

100.    Mr. Karasaki did not violate the terms of the Non-Solicitation Agreement, the Restrictive Covenants Agreement, and the Confidentiality and Ownership Rights Agreement.

## THIRD DEFENSE

101.    Certain of the terms of the Non-Solicitation Agreement, the Restrictive Covenants Agreement, and/or the Confidentiality and Ownership Rights Agreement are unenforceable as a matter of law.

## FOURTH DEFENSE

102.    Plaintiffs' have failed to mitigate their damages.

## FIFTH DEFENSE

103.    Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

104.    Plaintiffs' damages, if any, have been caused by their own actions and inactions.

## SEVENTH DEFENSE

105.    Mr. Karasaki reserves the right to supplement this Answer to assert any other defenses available to it under applicable law.

## AS AND FOR MR. KARASAKI'S
## COUNTERCLAIMS AGAINST MARSH

Mr. Karasaki, by and through his undersigned attorneys, alleges upon knowledge as to his own actions and upon information and belief as to all other matters as follows for his Counterclaims against Marsh:

## INTRODUCTION

106.    Mr. Karasaki commenced employment with Marsh in Marsh's Portland, Oregon office in 1986.

107.    Mr. Karasaki transferred to Marsh's Hawaii office in 1990, where he worked as a Client Executive until 2003.

108.    Mr. Karasaki was promoted to Managing Director of Marsh's Hawaii Office in March 2003.

109.    Mr. Karasaki was promoted to the Head of Marsh's Hawaii Office in April 2005.

## CONTRACTS WITH MARSH

110.    Mr. Karasaki entered a Non-Solicitation Agreement and Confidentiality and Ownership Rights Agreement with Marsh on November 25, 2003.

111.    Mr. Karasaki entered a Restrictive Covenants Agreement with Marsh on June 27, 2007.

RESIGNATION FROM MARSH

112.    On March 6, 2008, Mr. Karasaki gave verbal notice of his resignation from Marsh to Gregg K. Carpenter, the Head of Marsh's Western U.S. Operations.

113.    Marsh extended a counter-offer to Mr. Karasaki on March 6, 2008 in the hopes of retaining Mr. Karasaki as an employee of Marsh.

114.    Mr. Karasaki declined Marsh's counteroffer.

115.    On March 7, 2008, Mr. Karasaki tendered his resignation to Marsh in writing and provided Marsh two weeks' notice of his intended final date of employment with Marsh.

116.    On the morning of March 10, 2008, Mr. Karasaki met with Mike Kelly and Jean Griffiths who asked Mr. Karasaki to reconsider his resignation from Marsh. Mr. Karasaki responded that his decision to resign from Marsh was final.

117.    Later that same day, on March 10, 2008, with Marsh's approval, Mr. Karasaki announced his resignation to Marsh's Hawaii office employees at a staff meeting.

118.    Immediately following the staff meeting, Marsh directed Mr. Karasaki to leave the Marsh premises and not to return.

119.    Mr. Karasaki left the Marsh premises as directed on March 10, 2008 and did not take any property belonging to Marsh or Marsh's clients.

120.    Shortly thereafter, Marsh directed Mr. Karasaki to contact Marsh's Human Resources department to ascertain the status of his healthcare benefits. Mara Malinowsky, a Marsh human resources specialist, informed Mr. Karasaki that his healthcare benefits terminated as of midnight on March 10, 2008.

121.    On or about March 10, 2008, Mr. Karasaki wrote a second resignation letter, which stipulated that March 10, 2008 was his final day of employment. Mr. Karasaki changed

his resignation effective date because he did not want a gap in insurance coverage for his and his family's healthcare.

122.    Following Mr. Karasaki's resignation from Marsh, some Marsh clients signed Broker of Record Notices transferring their accounts to with Aon.

123.    Mr. Karasaki had no direct or indirect contact with these former Marsh clients with respect to their insurance needs prior to their respective provisions of Broker of Record Notices to Aon.

124.    Nonetheless, Marsh sent letters to many of its former and current clients falsely implying that Mr. Karasaki wrongly violated the terms of his contractual agreements with Marsh.

125.    Marsh's libelous correspondence with these clients and former clients impugned Mr. Karasaki's otherwise impeccable reputation and standing in the Hawaii business community.

126.    Certain of the contractual obligations Marsh seeks to impose are unenforceable as a matter of law and, further, Mr. Karasaki has not violated any enforceable contractual obligation.

<u>PRESENT ACTION</u>

127.    Marsh filed a Complaint against Mr. Karasaki for Injunctive Relief and Damages in the United States District Court for the District of Hawaii on March 31, 2008.

128.    Mr. Karasaki moved to transfer the venue of the Hawaii action to New York on April 15, 2008 on the grounds of improper venue.

129.    On April 22, 2008, the District of Hawaii granted Mr. Karasaki's motion to dismiss on improper venue grounds.

130.    Marsh filed the Complaint against Mr. Karasaki on May 2, 2008 in the United States District Court for the Southern District of New York, alleging breach of the Non-

Solicitation Agreement, breach of the Restrictive Covenants Agreement, breach of the

Confidentiality and Ownership Rights Agreement, breach of Fiduciary Duty, Misappropriation

of Trade Secrets, Tortious Interference with Contractual Relationships with Employees, Tortious

Interference with Existing and Prospective Business Relationships, and Unfair Methods of

Competition.

FIRST COUNTERCLAIM (DEFAMATION/LIBEL)

131.    Mr. Karasaki repeats and realleges the allegations contained in paragraphs 104-

130.

132.    The letters Marsh sent to its clients and former clients, referenced in paragraph

124 above, contain false statements regarding Mr. Karasaki's conduct with respect to his

contractual and ethical obligations.

133.    These false statements have injured Mr. Karasaki's reputation and standing in the

Hawaii business community.

134.    As a direct result of Marsh's conduct, Mr. Karasaki has been damaged in an

amount to be determined at trial but not less than $100,000, plus pre-judgment interest, together

with attorneys' fees and costs.

SECOND COUNTERCLAIM (UNFAIR COMPETITION)

135.    Mr. Karasaki repeats and realleges each and every allegation contained in

paragraphs 104-134.

136.    Mr. Karasaki entered a Non-Solicitation Agreement with Marsh on November 25,

2003 and a Restrictive Covenants Agreement with Marsh on June 27, 2007.

137.    The Non-Solicitation Agreement and the Restrictive Covenants Agreement do not

contain any geographic area in which Mr. Karasaki is restricted from soliciting former or current

14

Marsh clients and prospects but instead require Mr. Karasaki to refrain from such solicitation worldwide.

138.    The Non-Solicitation Agreement and the Restrictive Covenants Agreement also require Mr. Karasaki to reject business from Marsh clients, former clients and prospects, even where he has not solicited these clients and prospects and even where the clients and prospects simply are choosing to exercise their rights to the insurance broker of their choice.

139.    As a result, both the Non-Solicitation Agreement and the Restrictive Covenants Agreement are overly broad and unenforceable because they apply not only to current Marsh clients but prospective Marsh clients and because the restrict the conduct of those not a party to the contracts, such as Marsh clients and prospects.

140.    The Non-Solicitation Agreement and the Restrictive Covenants Agreement impose unfair competition upon Mr. Karasaki.

141.    As a result of Marsh's conduct in attempting to impose unfairly competitive obligations upon Mr. Karasaki, he has been damaged in an amount to be determined at trial but at least the sum of $100,000 plus pre-judgment interest, together with attorneys' fees and costs.

WHEREFORE, Mr. Karasaki respectfully seeks dismissal with prejudice of Plaintiffs' claims; a judgment against Marsh in at least the amount of $200,000, an award to Mr. Karasaki for his attorneys' fees, costs and expenses and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 16, 2008

                DLA PIPER US LLP

                By: _____
                    Robin C. Tarr, Esq. (RT 8166)
                    Rachel V. Stevens, Esq. (RS 0350)
                    1251 Avenue of the Americas
                    New York, New York 10020
                    (212) 335-4500

                    and

                    Jeffrey S. Portnoy, Esq. (*pro hac vice*)
                    Cades Schutte
                    1000 Bishop Street, Suit 1200
                    Honolulu, Hawaii  96813
                    Telephone: (808) 521-9221

                    *Attorneys for Defendants Chad W. Karasaki*

8245595.5

16