# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE • NEW YORK, NY 10153-0119
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

Gary D. Friedman
Direct Line: 212-310-8963
gary.friedman@weil.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2008

July 23, 2008

**VIA FACSIMILE**

Hon. John G. Koeltl
United States District Judge
United States District Court,
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1310
New York, New York 10022

*Application denied. The parties are also reminded that they are not to resort to other typeface, no margins or excessive footnotes. Briefs must be able to be read without magnification.*

Re:  Marsh USA Inc., et al. v. Chad W. Karasaki
     S.D.N.Y. 08 Civ 4195 (JGK)

*So ordered.*
/s/ JGKoeltl
U.S.D.J.
7/23/08

Dear Judge Koeltl:

    We represent Plaintiffs Marsh USA Inc. and Marsh & McLennan Companies Inc. (collectively, "Marsh") in the above-referenced matter, and write to request permission for the parties to exceed this Court's page limitations for memoranda of law when filing their motion papers with respect to Plaintiffs' Motion for Preliminary Injunction. Specifically, we request that the parties be permitted to submit opening and response briefs of 50 pages and that Plaintiffs be permitted to submit a reply brief of 25 pages. Defendant has consented to Plaintiffs' request.

    As was discussed during this Court's May 8, 2008 Hearing on Plaintiffs' Motion for Order to Show Cause, this is a factually complex matter involving the defection of numerous employees and clients from Marsh to its principal competitor, Aon Services, Inc. ("Aon"), immediately following Defendant Chad Karasaki's resignation from Marsh to join Aon. Since the May 8 Hearing, the parties – with this Court's permission – have engaged in extensive discovery to determine whether, and to what extent, Defendant has breached his post-employment restrictive covenants with Marsh by, among other things, directly or indirectly, soliciting the employees and clients who defected from Marsh to Aon, or by servicing (or supervising the provision of services to) those clients who defected from Marsh to Aon. Tens of thousands of pages of documents

WEIL, GOTSHAL & MANGES LLP

Hon. John G. Koeltl
July 23, 2008
Page 2

have been produced by the parties and at least 18 depositions will have been taken by the time of the close of discovery. Because of the multitude of employees and clients involved in this case, and because of the several types of allegations of breach at issue, even the most succinct summary of the pertinent facts will require a somewhat lengthy discussion by Plaintiffs in their papers – which we believe will be helpful to the Court in assessing whether a preliminary injunction should issue. Moreover, we believe that the expanded briefs will serve to narrow the issues for the Court for the September 24th oral argument or hearing on the Preliminary Injunction.

Accordingly, Plaintiffs respectfully request that the Court grant the parties permission to file motion papers relevant to Plaintiffs' Motion for Preliminary Injunction with the following page limitations: Plaintiffs' Memorandum of Law in Support: maximum of 50 pages; Defendant's Memorandum of Law in Opposition: maximum of 50 pages; and Plaintiffs' Reply Memorandum of Law: maximum of 25 pages.

Respectfully,

Gary D. Friedman

cc:  Nenad Krek, Esq.
     Robin Tarr, Esq.
     Rachel Stevens, Esq.
     Jeffrey Portnoy, Esq.